Filed 10/21/24  In re L.C. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re L.C., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B335382 (Super. Ct. No. 2023029947) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>L.C.,<br><br>    Defendant and Appellant. | |

L.C. appeals the juvenile court judgment sustaining allegations of two counts of felony assault set forth in a Welfare and Institutions Code section 602 petition, and granting probation with terms and conditions.  (Pen. Code, § 245, subd. (a)(1), (4).)  We modify the judgment to expressly state that L.C. is a ward of the juvenile court, but otherwise affirm.

On December 19, 2023, the prosecutor filed an amended petition alleging that L.C. committed assault with a deadly

weapon (a miniature baseball bat) and assault with force likely to produce great bodily injury against minor O.R. On Halloween evening (October 31, 2023), O.R. and two friends were confronted by L.C. and other minors as they walked home after "trick-or-treating." L.C. and the others assaulted O.R., by punching, kicking, and striking him with a small baseball bat. O.R. suffered bruising, a bloody nose and lip, a fractured wrist, and a mild concussion. The altercation ended when a motorist intervened.

O.R. eventually identified the minor striking him with the miniature bat as L.C. The altercation was captured on videotape and the principal of the adjacent high school identified L.C. by his gait and voice. L.C. later admitted to his mother that he punched O.R. that evening.

Following a contested hearing, the juvenile court sustained the allegations of the amended petition. The court placed L.C. on probation with terms and conditions, including service of 170 days in the juvenile justice facility and an additional 30 days of electronic monitoring. The court refused to reduce the criminal offenses to misdemeanors and it set the maximum term of confinement at four years. The court did not verbally state that L.C. was a ward of the court, although a minute order did so state.

We appointed counsel to represent L.C. in this appeal. After counsel's examination of the record, she filed an opening brief raising no issues.

On August 16, 2024, we advised L.C.'s counsel that L.C. had 30 days within which to personally submit any contentions or issues that he wished to raise on appeal. We have not received a response.

2

We have reviewed the entire record and are satisfied that L.C.'s attorney has fully complied with her responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

We modify the judgment to expressly state that L.C. is a ward of the juvenile court, but otherwise affirm

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:



YEGAN, J.



CODY, J.

Ferdinand P. Inumerable, Judge

Superior Court County of Ventura

_____


Esther R. Sorkin, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Appellant.